UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JEREMY LOUIS HEINEMANN,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 5:17-CV-00007 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In October of 2012, Plaintiff Jeremy Louis Heinemann applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Bill LaTour, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 12). On August 18, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for benefits on October 5, 2012, alleging disability beginning December 17, 2009. (T at 77).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 15, 2015, a hearing was held before ALJ Jesse Pease. (T at 27). Plaintiff appeared with an attorney and testified. (T at 33-50). The ALJ also received testimony from Debbie Heinemann, Plaintiff's mother (T at 51-58), and Mary Jesko, a vocational expert (T at 59-63).

On May 22, 2015, the ALJ issued a written decision denying the application for benefits. (T at 9-26). The ALJ's decision became the Commissioner's final decision on November 22, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[2] Citations to ("T") refer to the transcript of the administrative record at Docket No. 16.

On January 4, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on May 22, 2017. (Docket No. 15). The parties filed a Joint Stipulation on August 14, 2017. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

#### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.  Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 5, 2012, the date he applied for benefits. (T at 14). The ALJ found that Plaintiff's schizoaffective disorder, bipolar disorder, and history of amphetamine abuse were "severe" impairments under the Act. (Tr. 14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: only simple and routine tasks in a non-public

7

environment; only non-intense interaction with co-workers and supervisors and no work requiring hyper-vigilance or responsibility for the safety of others. (T at 16).

The ALJ found that Plaintiff could not perform his past relevant work. (T at 20). Considering Plaintiff's age (32 on the application date), education (limited), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 20).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from October 5, 2012 (the application date) through May 22, 2015 (the date of the ALJ's decision). (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 19), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ did not properly assess the medical opinion evidence.

# IV. ANALYSIS

## A. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Ernest Bagner, a psychiatrist, completed a consultative psychiatric evaluation on October 3, 2010. Dr. Bagner diagnosed mood disorder, not otherwise specified, and polysubstance abuse, in remission. (T at 224). He opined that Plaintiff would have no limitations with regard to interacting with supervisors, peers, and the public. (T at 225). He assessed no limitation with respect to Plaintiff's ability to complete simple tasks, but found mild limitation as to maintaining concentration and completing complex tasks and mild to moderate limitation with regard to handling normal stresses at work and completing a normal workweek without interruption. (T at 225). Dr. Bagner also concluded that Plaintiff would have mild to moderate limitations handling normal work stress and completing a normal workweek without interruption. (T at 225).

Dr. Bagner completed a second consultative psychiatric evaluation on April 5, 2013. Dr. Bagner diagnosed schizoaffective disorder, bipolar type, and assigned a

DECISION AND ORDER – HEINEMANN v BERRYHILL 5:17-CV-00007-VEB

Global Assessment of Functioning ("GAF") score[3] of 55 (T at 252), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).

Dr. Bagner assessed mild limitation with regard to Plaintiff's ability to follow simple oral and written instructions. (T at 252). He opined that Plaintiff had moderate limitation as to following detailed instructions; interacting appropriately with the public, co-workers, and supervisors; and as to complying with job rules such as safety and attendance. (T at 252). Dr. Bagner found Plaintiff markedly limited with respect to responding to changes and pressure in a routine work setting. (T at 252). Dr. Bagner reported that Plaintiff was markedly limited as to his daily activities and opined that Plaintiff's prognosis was "poor." (T at 252). He did not believe Plaintiff could manage his own funds. (T at 252).

The ALJ gave "little weight" to Dr. Bagner's assessments. (T at 18-19). The October 2010 opinion was rendered prior to the application for SSI benefits and is, thus, outside the relevant time period. (T at 18-19). The ALJ found Dr. Bagner's

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

April 2013 opinion "not consistent with the record as a whole" since the application date and thus gave the opinion "little weight." (T at 19).

This Court finds that the ALJ's decision to discount Dr. Bagner's April 2013 assessment must be revisited on remand.

The record revealed a variance in Plaintiff's symptoms and functioning. In October of 2012, Plaintiff was arrested for assaulting a teenager, whom he believed was about to attack him. (T at 241). A clinical assessment performed in January of 2013 described Plaintiff as having "very poor" insight and judgment, as laughing inappropriately throughout the interview (T at 244), and as reporting auditory hallucinations. (T at 244). A follow-up assessment in February of 2013 described Plaintiff's insight and judgment as fair, but indicated a GAF score of 40. (T at 240). "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

In March of 2013, Plaintiff reported that he was "doing very well with no symptoms." (T at 246). His behavior during his medical visit was described as unremarkable. (T at 246). In April of 2013, Plaintiff seemed "somewhat befuddled

or confused," with "somewhat peculiar" affect. (T at 259). The clinician noted that Plaintiff appeared to be "minimizing any symptoms." (T at 259). A treatment note from January of 2014 stated that Plaintiff denied any current symptoms and was "doing well." (T at 272). He was noted to be "free of his psychotic symptoms of paranoid thinking and auditory hallucinations…." (T at 272). In March of 2014, Plaintiff was described as "doing well" with an unremarkable mental status examination. (T at 271). A treatment note from September of 2014 described Plaintiff as experiencing "intermittent paranoia," irritability, and mood swings, but no auditory hallucinations. (T at 268). Plaintiff's condition was described as "improving on meds." (T at 268). In November of 2014, Plaintiff denied paranoia and depressed mood, complaining only of "some irritability in the mornings." (T at 267).

The ALJ recognized this significant variance in Plaintiff's symptoms and presentation. (T at 17-18). The ALJ found the evidence to establish some level of limitation, which was incorporated into the RFC, but concluded that "a finding of disability [was] not appropriate." (T at 18).

This Court is mindful that the Commissioner is responsible for resolving conflicts and addressing ambiguities in the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court likewise recognizes that a plausible

13

DECISION AND ORDER – HEINEMANN v BERRYHILL 5:17-CV-00007-VEB

reading of the evidence could posit that Plaintiff's condition materially improved as a result of treatment and medication, such that his mental impairments result in some restrictions, albeit none that rendered him disabled within the meaning of the Social Security.

However, this Court finds a remand necessary because the ALJ did not adequately account for a particularly plausible reading of the record. While this Court would be obliged to defer to the ALJ's choice among alternative assessments of the evidence, this Court cannot affirm unless it is apparent from the decision that the ALJ accounted for all of the legally relevant possibilities and considerations. That is not the case here.

Dr. Bagner opined that Plaintiff's ability to respond to changes in a routine work setting and respond to work pressure in a usual work setting was "markedly limited." (T at 252). He also assessed moderate limitation with regard to Plaintiff's ability to while work rules, including attendance. (T at 252). Plaintiff's improvement over a period of time while receiving treatment, while material to the disability determination, must be considered with caution when considering whether Plaintiff could satisfy the stress demands of competitive, remunerative employment. In other words, while Plaintiff's apparent improvement is notable, the fact that he realized that improvement while living in a supportive setting with minimal to no

14

DECISION AND ORDER – HEINEMANN v BERRYHILL 5:17-CV-00007-VEB

demands and without a structured schedule,[4] must be considered when determining whether the apparent improvement would generalize into an ability to meet the demands of even relatively "low stress" employment.

Indeed, the Ninth Circuit has cautioned against relying too heavily on the "wax and wane" of symptoms in the course of mental health treatment. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In particular, the ALJ must interpret evidence of improvement "with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function

---

[4] Plaintiff lives with his mother. (T at 50-51). She needs to remind him to eat and take his medication. (T at 53). His activities of daily living are minimal. (T at 54).

effectively in a workplace." *Id.* This is precisely the consideration lacking from the ALJ's decision here.

Moreover, individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)). Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15. As such, the issue of stress must be carefully considered and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." Id.; *see also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012).

Dr. Bagner was the only examining physician to assess Plaintiff's ability to respond to work stress.[5] He found marked limitation. (T at 252). Dr. Bagner likewise found moderate limitation with regard to Plaintiff's ability to comply with

---

[5] An initial review by a non-examining State Agency review consultant found Plaintiff capable of adapting to simple routines and changes in a non-public, unskilled workplace. (T at 18). On reconsideration, another non-examining State Agency review consultant found no severe mental impairment. (T at 18). These opinions from non-examining sources cannot, without more, constitute substantial evidence or justify rejecting the assessment of an examining doctor. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990))

attendance rules. (T at 252). This latter finding is significant, as problems with attendance could preclude any employment, even employment of the simple, non-intense, and non-public type identified by the vocational expert and adopted by the ALJ. (T at 20-21).

In sum, this Court cannot affirm the denial of benefits because it is not clear from the decision that the ALJ considered legally required and materially relevant factors. Given the level of limitation assessed by Dr. Bagner with regard to complying with attendance rules and responding to work stress, the ALJ was obliged to carefully consider, and explicitly explain, whether the evidence of improvement with treatment was sufficient to demonstrate an ability to perform even the limited range of work identified in the RFC determination. A remand is required.

**B.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, while the ALJ erred in discounting Dr. Bagner's opinion for the reasons outlined above, this Court finds it is not clear from

the record that Plaintiff is disabled. Dr. Bagner is an examining, not treating, physician. This Court cannot say for certain that, after accounting for the considerations outlined above, the ALJ might not nevertheless conclude that Plaintiff is not disabled under the Act. The salient point is that the ALJ does not appear to have considered the factors discussed above. A remand for further proceedings is the appropriate remedy to address that issue.

### V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 12th day of April, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE